IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONAVAN E. NEHLS                                                       PETITIONER
ADC #119674

V.                            NO. 5:08cv00099 JWC

LARRY NORRIS, Director,                                   RESPONDENT
Arkansas Department of Correction

MEMORANDUM OPINION AND ORDER

Donavan E. Nehls, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). Respondent concedes (doc. 8) that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a-c), but asserts that the petition should be denied for other reasons. Petitioner replied (doc. 11). For the reasons that follow, the petition must be **denied** as untimely.[1]

I.

Following a jury trial in February 2001 in the Circuit Court of Miller County, Arkansas, Petitioner was convicted of rape and was sentenced to ten years of imprisonment. (Resp't Ex. 1 to doc. 8.) He did not seek a direct appeal or any post-conviction relief in state court (*see* doc. 2, at 2-5). He now brings this federal habeas petition, advancing the following claims:

        1.     No DNA report or other medical or physical evidence was introduced at trial;

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge (doc. 12).

2. His attorney refused to file an appeal due to Petitioner's lack of funds;

3. Petitioner's psychiatrist was not allowed to testify;

4. Petitioner's father was not allowed to testify;

5. Petitioner's oldest daughter was not allowed to testify;

6. Working notes from the victim's mental health counselor were not provided to the defense during discovery;

7. Working notes from Petitioner's psychiatrist were provided during discovery as ordered by court;

8. The prosecution should have been held in contempt for not following court orders during discovery;

9. There should have been a mistrial because the prosecution did not follow the court's discovery orders;

10. The victim's mental health counselor could not tell the court what DSM volume she used;

11. The counselor could not tell the court what treatise she used in the DSM to treat the victim;

12. Written reports from Petitioner's psychiatrist were not allowed as evidence;

13. Randy Burke's witness statement was referenced, but he was not at trial;

14. The prosecutor knew about the defense attorney's pretrial motions prior to pretrial hearings;

15. Witness Burke had a "beef" with Petitioner because of a prior incident involving a gun;

16. The victim's mental health counselor had a master's degree in psychology, which questions her credentials as an expert witness;

17. Petitioner's psychiatrist was not allowed to testify or have his reports entered into evidence;

18. References were made to an abusive video, but no video was ever produced as evidence;

19. In his closing argument, the prosecutor told the jurors they could render a decision and be home by 5:00 p.m. for Valentine's Day;

20. The victim's previous sexual complaints regarding a teacher at school were disallowed in court against the teacher as not being credible, but the victim's claims against Petitioner were allowed;

21. The victim's sexual activity in high school shop class and her subsequent school suspension were not brought up at trial to question her credibility;

22. Petitioner was not interviewed by the Arkansas State Police;

23. He did not testify at trial;

24. Defense counsel did not appeal any adverse pretrial rulings;

25. Petitioner's divorce attorney's former secretary worked for the prosecutor's office, creating a conflict of interest;

26. The victim's mental health counselor's working office notes were not provided at discovery and were not produced until trial was in progress, giving the defense attorney only ten to fifteen minutes to review them;

27. Petitioner's attorney advised him not to testify; and

28. His attorney was ineffective.

Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to present any of his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991). Because the Court agrees that the petition is time-barred, the procedural default argument need not be addressed.

II.

A state prisoner seeking to challenge his or her state court conviction in federal court must file a petition for federal habeas corpus relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner's judgment of conviction was entered following a jury trial on February 14, 2001.  Under Arkansas law, he had thirty days to seek a direct appeal, but did not do so.  *See* Ark. R. App. P.-Crim. 2(a)(1) (2001).  Accepting Petitioner's declaration that he placed his federal habeas petition in the prison mailing system on April 4, 2008 (doc. 5), this petition is deemed "filed" on that date, more than seven years after expiration of the appeal time and, therefore, outside the one-year limitations period.  *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

Under certain circumstances, the one-year limitations period may begin running later than the date a criminal judgment becomes final.  28 U.S.C. § 2244(d)(1)(A-D) (limitations period runs from the latest of: the date the judgment became final, the date of removal of any unconstitutional state-created impediment to filing, the date of any United States Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which an underlying factual predicate could have been discovered through due diligence).  Additionally, time consumed

by properly filed post-conviction proceedings in state court does not count against the one-year limitations period.  *Id.* § 2244(d)(2).

Here, Petitioner sought no post-conviction relief in state court which would toll the limitations period under § 2244(d)(2).  There is no allegation or evidence of any factual predicates which could not have been discovered earlier, and the constitutional rights at issue are well established, rendering § 2244(d)(1)(C) and (d)(1)(D) inapplicable.  *See, e.g., Strickland v. Washington*, 466 U.S. 668 (1984) (criminal defendant's right to effective assistance of counsel); *In re Winship*, 397 U.S. 358 (1970) (due process clause prohibits conviction except upon proof beyond reasonable doubt of each element of charged crime); *Romano v. Oklahoma*, 512 U.S. 1 (1994) (evidentiary errors may constitute denial of due process); *Brady v. Maryland*, 373 U.S. 83 (1963) (due process is violated where prosecution fails to disclose to the accused material evidence which is favorable to him); *Crane v. Kentucky*, 476 U.S. 683 (1986) (Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense"); *Spencer v. Texas*, 385 U.S. 554 (1967) (due process clause guarantees fundamental elements of fairness in a criminal trial); *Darden v. Wainwright*, 477 U.S. 168 (1986) (prosecutorial misconduct may constitute denial of due process); *Rock v. Arkansas*, 483 U.S. 44 (1987) (right to testify).

Under subsection 2244(d)(1)(B), the running of the limitations period may be delayed by a state-created impediment violating the United States Constitution or federal law.  *See Finch v. Miller*, 491 F.3d 424, 426-27 (8th Cir. 2007).  In addition to the statutory mechanisms, the limitations period may also be equitably tolled where a petitioner demonstrates that (1) he has been pursuing his rights diligently and (2) some extraordinary

circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007).

As explanation for his untimeliness, Petitioner asserts that his constitutional rights were violated by the state's actions in intentionally hindering, preventing and delaying his efforts to seek relief in state and federal court. Specifically, he alleges that the jail where he was incarcerated for the first month after his conviction did not have adequate law books or legal supplies, that the law clerks and law library supervisors at the ADC units where he was later housed failed to provide updated forms or give him any guidance as to how to proceed with an appeal or any post-conviction relief, that the "newest and best set of law books" had been sent to other ADC units, that he had been hindered by the "lack of quality time" to do research and paperwork, that he has had limited access to the prison law library, that he was told he had no options available, and that he was "just recently" told about "the 'habeas corpus' procedure." He says that his state court attorney refused to pursue an appeal or state post-conviction relief without more money and did not advise him how to proceed, and that he has been without legal help since his attorney withdrew in March 2001. He says no one at any time advised him about a federal habeas corpus action. (*See* doc. 2, at 38-40; doc. 11.) For several reasons, these allegations are insufficient to amount to an unconstitutional state-created impediment under § 2244(d)(1)(B) or justify equitable tolling.

First, the Court's analysis of the timeliness issue concerns impediments to the pursuit of *federal habeas relief*, not state post-conviction relief. Regardless of Petitioner's difficulties in pursuing a direct appeal or state post-conviction petition, the critical issue here is whether he was impeded from filing a federal habeas petition with the federal courts

6

within the one-year time period. In that vein, Petitioner has not demonstrated that any alleged shortcomings in the prison law library actually prevented him from filing a federal habeas petition in a timely manner. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (actual-injury requirement for claim of unconstitutional denial of access to courts); *Finch*, 491 F.3d at 427 (no unconstitutional state-created impediment under § 2244(d)(1)(B) where petitioner failed to show actual injury from allegedly inadequate law library and legal aides). All that prisons are constitutionally required to provide are the "tools ... that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. This does not place on the prison, or any other state officials, an affirmative obligation to advise prisoners about how to use the tools provided. Petitioner does not contend that the prison law library did not contain the applicable federal statutes, that the statutes were concealed from him, that they were not accessible either through the books or the computer or the assistance of library personnel, or that he was prevented from utilizing any of the library's resources. In fact, many inmates from the units where Petitioner has been housed have managed to file timely federal habeas petitions since passage of the limitations statute twelve years ago, and various related issues have been litigated frequently.

Additionally, there is no requirement, constitutional or otherwise, that the ADC or any state officials or employees inform state prisoners about the existence of post-conviction remedies or any other legal issues. States are not constitutionally obligated to provide for post-conviction relief after a criminal defendant has failed to obtain relief through direct review of his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). States have "substantial discretion to develop and implement programs to aid prisoners seeking

to secure post-conviction review." *Id.* at 559. "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003). Like all litigants, prisoners are expected to exercise reasonable diligence to be aware of and comply with applicable filing deadlines, both in state and federal court.

Nor is the delay excused by the fact that Petitioner's attorney in his state court proceedings failed to advise him about post-conviction remedies, or that he has been without counsel since his conviction. There is no constitutional right to the assistance of an attorney in state or federal collateral post-conviction proceedings. *Coleman*, 501 U.S. at 752; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993). Where there is no constitutional right to counsel, there can be no unconstitutional deprivation of effective assistance. *Coleman*, 501 U.S. at 752. Additionally, the omissions of a state-appointed or a retained attorney do not constitute the type of state-created impediment contemplated by § 2244(d)(1)(B). *See Lawrence*, 127 S. Ct. at 1085-86 (a state's "effort to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay"); *Finch*, 491 F.3d at 427 (failure of state counsel to inform petitioner of post-conviction appeal rights was not § 2244(d)(1)(B) impediment created by state action); *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (conduct of retained or appointed counsel does not constitute state action).

Moreover, the circumstances alleged by Petitioner were not so "extraordinary" as to warrant equitable tolling. Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable

because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001). Equitable tolling affords "an exceedingly narrow window of relief," and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008). It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about post-conviction remedies or the federal limitations period. *See, e.g., Lawrence*, 127 S. Ct. at 1085-86 (no equitable tolling due to legal confusion about whether limitations period tolled by certiorari petitions, counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief and instead "[sat] on his rights for years"); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (need for post-conviction counsel is "a typical obstacle faced by many if not most habeas petitioners"), *cert. denied*, 127 S. Ct. 946 (2007); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's pro se status and misunderstanding of state post-conviction procedures); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (petitioner's lack of understanding of the law); *Baker*, 321 F.3d at 771-72 (incarcerated petitioner's limited law library access, alleged lack of notice of the statute of limitations, alleged actual innocence, and allegedly ineffective counsel); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (prisoner's lack of legal knowledge or legal resources).

As illustrated by the cases cited above, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical

prisoner who prosecutes a pro se federal habeas petition. Therefore, there were no "extraordinary circumstances" making it impossible for him to file a timely federal habeas petition and he is not entitled to equitable tolling.

In summary, Petitioner filed this federal habeas petition more than seven years after his state conviction became final, and he has not demonstrated that § 2244(d)'s one-year limitations period should be tolled or extended under any statutory provision or equitable principles. Therefore, the petition must be denied as untimely.

III.

This 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) is untimely; therefore, the petition is **denied** and this action is dismissed in its entirety with prejudice.

IT IS SO ORDERED this 15th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE